OPINION
{¶ 1} Plaintiff-appellant Sylvia Jane Himes appeals from the October 1, 2002, Amended Qualified Domestic Relations Order issued by the Tuscarawas County Court of Common Pleas, Domestic Relations Division.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On June 28, 1991, appellant Sylvia Jane Himes filed a complaint for divorce against appellee Kenneth Himes. As memorialized in a Judgment Entry/Decree of Divorce filed on August 18, 1992, the parties were granted a divorce. The parties' Separation Agreement, which was incorporated into the Divorce Decree, provided in paragraph 6 as follows:
 {¶ 3} "6. Pension Rights. The Parties acknowledge that the Husband is a participant in The Timken Company hourly employees' pension plan. The parties agree that the Husband's pension rights acquired through said pension plan shall be divided 75% to the Husband and 25% to the Wife. The Wife shall have the right to file a Qualified Domestic Relations Order transferring into the name of the Wife, the rights to receive 25% of the Husband's pension benefits, and the parties confer upon the court continuing jurisdiction to enforce by court order the agreement of the parties as to the division of Husband's pension rights as set forth hereinabove."
 {¶ 4} Thereafter, a Qualified Domestic Relations Order signed by the trial court and counsel for both parties was filed on September 21, 1992. However, there is no indication in the record that the Qualified Domestic Relations Order was accepted by the plan administrator.
 {¶ 5} Subsequently, on October 1, 2002, an Amended Qualified Domestic Relations Order, which was signed by appellee's counsel and the trial court, was filed.[1] The same had been submitted to, but not approved by, appellant's former counsel. Appellant did not learn of the Amended Qualified Domestic Relations Order until a copy was served upon her after the order was filed.
 {¶ 6} It is from the October 1, 2002, Amended Qualified Domestic Relations Order that appellant now appeals, raising the following assignment of error:
 {¶ 7} "The trial court erred in approving an amended qualified domestic relations order without service of process or prior notice to the alternate payee thereby violating the alternate payee's fundamental rights to due process pursuant to amendments V and XIV of the Constitution of The United States and Section 1, Article 1, Section 16, Article I and Section 19, Article I, of the Constitution of Ohio."
 I {¶ 8} Appellant, in her sole assignment of error, argues that the trial court violated her right to due process by approving the Amended Qualified Domestic Relations Order "without service of process or prior notice" to her. We agree.
 {¶ 9} Generally, due process requires that "a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " Cleveland Bd. of Educ.v. Loudermill (1985), 470 U.S. 532, 542, 105 S.Ct. 1487, (citing Mullanev. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 313,70 S.Ct. 652). At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. Mathewsv. Eldridge (1976), 424 U.S. 319, 96 S.Ct. 893. See also McGeorge v.McGeorge (May 22, 2001), Franklin App. No. 00AP-1151.
 {¶ 10} In the case sub judice, the original Qualified Domestic Relations Order, which was signed by counsel for both parties and by the trial court, was never approved by the plan administrator. Thereafter, approximately ten years later, without any motion having been filed or any prior notice to appellee, the trial court approved the Amended Qualified Domestic Relations Order prepared by and submitted to the trial court by appellee's counsel. As is stated above, the same had been submitted to, but never approved by, appellant's former counsel. Appellant now argues that while the original Qualified Domestic Relations Order granted her 25% of appellee's pension and 25% of his 401(K) plan, the amended order "totally deleted the provision of the original QDRO granting her 25% of her Husband's 401(K) Plan . . ." Appellant also notes that while the original Qualified Domestic Relations Order referred to "The Timken Company Bargaining Unit and Voluntary Investment Plan," the Amended Order refers to the "Timken Company Bargaining Unit Pension Plan." According to appellant, "[f]rom the record, it is not possible to tell whether the Order and Amended Order apply to the same plan."
 {¶ 11} We find that the trial court's ex-parte Amended Qualified Domestic Relations Order denied appellant her due process protections guaranteed by the Ohio and United States Constitutions. See McClarren v.McClarren (Nov. 18, 1991), Morrow App. No. Ca 755. Since appellant's property interests were at stake, appellant should have had the opportunity to contest whether the Amended Qualified Domestic Relations Order substantively changed the terms of the original Qualified Domestic Relations Order that was signed by counsel for both parties. Appellant, however, never had such an opportunity.
 {¶ 12} For the foregoing reasons, appellant's sole assignment of error is sustained.
 {¶ 13} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings.
By Edwards, J., Hoffman, P.J. and Wise, J. concur.
In Re: DR/QDRO — No service of process.
[1] The Amended Qualified Domestic Relations Order was submitted to the trial court via a cover letter dated September 25, 2002.